WACHOVIA BANK AND TRUST COMPANY, TRUSTEE, v. M. S. CLIFTON ET AL.

(Filed 9 November, 1932.)

1. **Bills and Notes H c—Where pleadings do not set up basis for enlarging liability of parties exclusion of evidence thereof is proper.**

   Where suit is entered on a note as it is written against the makers and guarantors thereof, and there is no attempt in the pleadings to enlarge the liability of the parties, and there is no plea of *nudum pactum* set up as a defense: *Held,* the exclusion of evidence tending to enlarge the liability of the guarantors to that of makers is not error.

2. **Bills and Notes D b: Limitation of Actions A b—Action against guarantor on note is barred in three years.**

   A guaranty of the payment of a note is an obligation arising out of contract by which the guarantors assume liability for the payment of the note in case the makers thereof do not pay same upon maturity, and right to sue upon such guaranty arises immediately upon failure of the makers to pay the note according to its tenor, and suit against the guarantors is barred by the statute of limitations after three years from the maturity of the note, C. S., 441, in the absence of evidence of an extension of time binding the guarantors, or of other matters preventing the running of the statute.

3. **Same—Payment of interest by makers will not prevent running of statute against guarantors on note.**

   The liability of a guarantor on a note is collateral to that of the maker, and the payment of interest on the note by the maker after the maturity of the note does not prevent an action against the guarantor thereon from being barred by the lapse of three years from the maturity of the note, nothing else appearing, the interest being paid on the principal debt and not on the contract of guaranty.

APPEAL by plaintiff from *Harding, J.,* at June Term, 1932, of FORSYTH.

Civil action instituted 14 November, 1930, to recover on a promissory note.

The complaint alleges:

1. That on 27 July, 1924, the defendants, M. S. Clifton and L. L. Joyner, executed their negotiable promissory note in the sum of $3,000, payable two years after date, to the Wachovia Bank and Trust Company, or order, with interest from date of making, interest payable semiannually, secured by 85 shares of the capital stock of the Farmers and Merchants Bank of Louisburg, N. C., and payment thereof guaranteed by endorsement on the back of said note as follows:

"For value received, we guarantee payment of the within note and waive notice of dishonor and protest and all other formalities and consent to remain bound in case of any extension or renewal until said note with interest is fully paid.        Mrs. T. W. Bickett, W. Y. Bickett."

2. That the plaintiff, acting under an express trust for the use and benefit of Mrs. Amelia L. Holt, paid full value for said note, and is now the holder and owner of same in due course; that the payment of the principal amount of said note was extended from time to time, as interest was paid, until 27 January, 1930, at which time the full amount of the principal became due; wherefore plaintiff prays judgment against the defendants, jointly and severally, for $3,000 with interest from 27 January, 1930, and costs.

The guarantors pleaded the three-year statute of limitations in bar of the plaintiff's right to recover as against them, because the plaintiff, without notice to said defendants, had waited until the collateral given to secure said note had become worthless, and the makers insolvent, before demanding payment.

On the hearing, the plaintiff offered to show that on and prior to 27 January, 1924, the Wachovia Bank and Trust Company held a note of the guarantors, as makers, for $3,000 secured by 85 shares of the capital stock of the Farmers and Merchants Bank of Louisburg. Upon the maturity of this note, it was agreed that the collateral should be sold to M. S. Clifton and L. L. Joyner, officers of the said Farmers and Merchants Bank, their note for like amount taken therefor, secured by the transferred stock, and payment guaranteed by the makers of the original note. The plaintiff bank received $120 for exchanging said notes. Over objection, the evidence was excluded.

The purpose of this evidence was to show that the relation of the guarantors to the note in suit was really that of sureties and thus to repel the plea of the statute.

There was no evidence to support the allegation that the payment of the principal of said note had been extended or renewed from time to time.

In the county court, judgment was rendered against the makers, M. S. Clifton and L. L. Joyner, and nonsuit ordered against the guarantors, which was affirmed on appeal to the Superior Court of Forsyth County, from which latter judgment, the plaintiff appeals, assigning errors.

*Manly, Hendren & Womble for plaintiff.*
*Yarborough & Yarborough and R. B. White for defendants.*

STACY, C. J. The exclusion of the evidence, which forms the basis of a number of exceptions, may be upheld upon the ground that the complaint declares on the note as it is written, and not otherwise. There is no effort in the pleadings to enlarge the liability of any of the parties. *S. v. Bank,* 193 N. C., 524, 137 S. E., 593. Nor is there a plea in defense of *nudum pactum.* Consideration is admitted or not denied. The defendants have been sued simply as makers and guarantors of a note, and this more than three years after its maturity. There is no evidence that said note was extended or renewed from time to time. *Wrenn v. Cotton Mills,* 198 N. C., 89, 150 S. E., 676.

The question then arises: Does payment of interest by the makers of a note, after maturity but before it is barred, nothing else appearing, toll the statute of limitations against those who have guaranteed the payment of said note? We think not.

It is provided by C. S., 441, that an action upon a contract, obligation or liability arising out of contract, express or implied (except those mentioned in preceding sections), shall be barred if not brought within three years after the cause of action accrues. *Welfare v. Thompson,* 83 N. C., 276.

A guaranty is a contract, obligation or liability arising out of contract, whereby the promisor, or guarantor, undertakes to answer for the payment of some debt, or the performance of some duty, in case of the failure of another person who is himself in the first instance liable to such payment or performance. *Cowan v. Roberts,* 134 N. C., 415, 46 S. E., 297; *Carpenter v. Wall,* 20 N. C., 279; *Chemical Co. v. Griffin,* 202 N. C., 812. And the right to sue upon said contract or guaranty arises immediately upon the failure of the principal debtor to pay the debt at maturity or to meet his obligation according to its tenor. *Beebe v. Kirkpatrick,* 321 Ill., 612, 152 N. E., 539, 47 A. L. R., 891.

In the instant case, therefore, the action against the guarantors is barred by the three-year statute of limitations, unless the payment of interest by the makers in the meantime, which repels the plea of the statute as to them, also repels it as to the guarantors.

Guarantors are not sureties; nor are they endorsers, though with respect to the plea of the statute of limitations, their liability is more nearly analogous to that of the latter than to that of the former. *Coleman v. Fuller,* 105 N. C., 328, 11 S. E., 175. The obligation of a surety is primary, while that of a guarantor is collateral. *Rouse v. Wooten,* 140 N. C., 557, 53 S. E., 430; *Dole v. Young,* 24 Pick. (Mass.), 252. A surety may be sued as a promisor with the principal debtor; a guarantor may not; his contract must be especially set forth or pleaded. *Coleman v. Fuller, supra; Bank v. Haynes,* 8 Pick. (Mass.), 423, 19 Am. Dec., 334.

But it is contended under the doctrine announced in *Green v. Greensboro College,* 83 N. C., 449, approved in *Le Duc v. Butler,* 112 N. C., 458, 17 S. E., 428, and *Garrett v. Reeves,* 125 N. C., 529, 34 S. E., 636, "that a payment made by the principal, before the action is barred, operates as a renewal as to all the obligors—sureties as well as principals," applies equally to a guarantor, if not before maturity of the note, then certainly after default of the makers to pay, by virtue of C. S., 2977 which provides that the person "primarily liable" on an instrument is the person who by the terms of the instrument is absolutely required to pay the same. This contention, however, overlooks the fact that the payment of interest by the makers in the instant case was on the note, evidencing the principal debt, and not upon the contract of guaranty which determines the liability of the guarantors. *Barber v. Absher Co.,* 175 N. C., 602, 96 S. E., 43; *Wood v. Barber,* 90 N. C., 76.

It would seem that the plaintiff has failed to repel the plea of the statute of limitations as against the guarantors, and that the judgment of nonsuit as to them is correct. *Marks v. McLeod, ante,* 257.

Affirmed.