*Hanes v. Utilities Co.,* 191 N. C., 13, 131 S. E., 402; *White v. Realty Co.,* 182 N. C., 536, 109 S. E., 564; *Duffy v. R. R.,* 144 N. C., 26, 56 S. E., 557; 25 R. C. L., 1292; 90 A. L. R., 631.

It is well settled by the decisions here and elsewhere that one who is riding in an automobile, the driver of which is not his agent or servant, nor under his control, and who is injured by the joint or combined negligence of a third person and the driver, may recover of either or both, upon proper allegations, for the injuries thus inflicted through such concurring negligence. *Hanes v. Utilities Co., supra; White v. Realty Co., supra; Wood v. Public Service Corp.,* 174 N. C., 697, 94 S. E., 459; *Pusey v. R. R.,* 181 N. C., 137, 106 S. E., 452; *Bagwell v. R. R.,* 167 N. C., 611, 83 S. E., 814; *Harton v. Tel. Co.,* 141 N. C., 455, 54 S. E., 299; *Carterville v. Cook,* 129 Ill., 152, 16 Am. St. Rep., 248, and note.

The rule is stated in *Matthews v. Delaware L. & W. R. Co.,* 56 N. J. L., 34, 27 Atl., 919, 22 L. R. A., 261, by *Magie, J.,* as follows: "If two or more persons owe to another the same duty, and by their common neglect of that duty he is injured, doubtless the tort is joint, and upon well-settled principles each, any, or all of the *tort-feasors* may be held. But when each of two or more persons owes to another a separate duty which each wrongfully neglects to perform, then although the duties were diverse and disconnected and the negligence of each was without concert, if such several neglects concurred and united together in causing injury, the tort is equally joint and the *tort-feasors* are subject to joint and several liability."

The allegations of the present complaint, properly interpreted, seem to bring the case within this principle.

Reversed.

---

JOHN H. HALL, ADMINISTRATOR OF B. L. BANKS, DECEASED, v. GURNEY P. HOOD, COMMISSIONER OF BANKS, EX. REL. SAVINGS BANK AND TRUST COMPANY OF ELIZABETH CITY, N. C., MAUD K. BANKS, ET AL.

(Filed 20 March, 1935.)

**1. Limitation of Actions A b—**

A cause of action against the guarantor on a note accrues upon the maturity of the note and the failure of the maker to pay same according to its tenor. C. S., 405.

**2. Limitation of Actions C a—Involuntary payment of note by application of funds of maker in hands of payee to note does not affect running of statute in favor of guarantor on note.**

The liquidating agent of a bank wrongfully applied the deposit of an administrator to the payment of a note in the bank's favor executed by

the administrator for the estate. Thereafter, the application of the deposit was set aside, and the liquidating agent prayed judgment on the note against the maker and the guarantor of payment thereon. The guarantor of payment pleaded the three-year statute of limitations, C. S., 441 (1), more than three years having elapsed from the maturity of the note. *Held:* The action against the guarantor was barred, there having been no voluntary payment of the note.

APPEAL by the defendant Maud K. Banks from *Cranmer, J.,* at January Term, 1935, of PASQUOTANK. Reversed.

The defendant Gurney P. Hood, Commissioner of Banks, *ex rel.* Savings Bank and Trust Company of Elizabeth City, N. C., which is now in his hands for liquidation because of its insolvency, has in his possession as an asset of said Savings Bank and Trust Company a note which is in words and figures as follows:

"$2,000.00.                    ELIZABETH CITY, N. C., 5 December, 1930.

"Without grace, on 3 February, next after date, I promise to pay to the order of Savings Bank and Trust Company of Elizabeth City, N. C., two thousand dollars, at Savings Bank and Trust Company.

"No. 89778—Due 3 Feb.                    JOHN H. HALL,
                                *Administrator of B. L. Banks.*"

On the back of said note appear the following endorsements:

"Payment guaranteed. Protest, demand, and notice of nonpayment waived.                    MAUD KRAMER BANKS."

"Pay to the order of John H. Hall, administrator of B. L. Banks, without recourse on us.                    SAVINGS BANK AND TRUST COMPANY,
                                *By* A. G. SMALL, *Liq. Agt.*"

This note was executed by John H. Hall as administrator of B. L. Banks and endorsed by Maud K. Banks, in renewal of a note for a like amount, which was executed by B. L. Banks and endorsed by Maud K. Banks, and was owned by the Savings Bank and Trust Company at the death of B. L. Banks, on 2 October, 1930.

After the said note came into the possession of the North Carolina Corporation Commission, the predecessor of the defendant Gurney P. Hood, Commissioner of Banks, upon the insolvency of the Savings Bank and Trust Company of Elizabeth City, N. C., A. G. Small, liquidating agent, charged the amount of said note to the account of the plaintiff, marked the note paid, and tendered the same to the plaintiff, with his endorsement as now appears on the note. The plaintiff declined to accept

the note, contending that the liquidating agent had no right, legal or equitable, to charge the same to his account. On 6 October, 1931, the plaintiff instituted this action for an order of the court directing the defendant Gurney P. Hood, Commissioner of Banks, to restore to his credit on his books the amount which had been wrongfully applied by the liquidating agent as a payment of the note.

On 11 May, 1934, pursuant to an order made in this action, on the motion of the defendant Gurney P. Hood, Commissioner of Banks, summons was issued against the defendant Maud K. Banks, who was thereby made a party to the action. Thereafter judgment was rendered at May Term, 1934, directing the defendant Gurney P. Hood, Commissioner of Banks, to restore to the credit of the plaintiff on his books the amount which had been wrongfully applied by the liquidating agent in payment of said note.

In his answer to the complaint in this action the defendant Gurney P. Hood, Commissioner of Banks, prays judgment, in the event the court should direct him to restore to plaintiff's credit the amount applied by the liquidating agent to the payment of said note, that he recover of the plaintiff as maker and of the defendant as guarantor on said note the sum of two thousand dollars and interest.

In her answer to the complaint, in defense of the cross-action alleged in the answer of Gurney P. Hood, Commissioner of Banks, against her, the defendant Maud K. Banks, among other things, says:

"15. That the cause of action, if any, which the defendant Gurney P. Hood, Commissioner of Banks, ex rel. Savings Bank and Trust Company of Elizabeth City, N. C., may have had against this defendant, accrued more than three years prior to the issuing of summons in this action against her, and she pleads this lapse of time in bar of any recovery by the said Gurney P. Hood, Commissioner of Banks, of her in this action."

On the foregoing facts, which appear in the statement of facts agreed by the parties to the controversy with respect to said note, the court was of opinion that the cause of action of the defendant Gurney P. Hood, Commissioner of Banks, against the defendant Maud K. Banks is not barred by the three-year statute of limitations, and thereupon rendered judgment that the defendant Gurney P. Hood, Commissioner of Banks, ex rel. Savings Bank and Trust Company, recover of the defendant Maud K. Banks the sum of two thousand dollars, with interest thereon from 3 February, 1931.

From said judgment the defendant Maud K. Banks appealed to the Supreme Court.

*Thompson & Wilson for Gurney P. Hood, Commissioner.*
*Worth & Horner for Maud K. Banks.*

CONNOR, J. The cause of action on the note involved in this action accrued on 3 February, 1931.

The statute of limitations began to run at that date against the holder and in favor of both the maker and the guarantor of the note. C. S., 405; *Trust Co. v. Clifton,* 203 N. C., 483, 166 S. E., 334.

No voluntary payment has been made on the note since the cause of action accrued by either the maker or the guarantor. The wrongful application by the liquidating agent of the Corporation Commission of the sum of $2,000, which he charged to the account of the maker, was not a voluntary payment of the note, and did not stop the running of the statute of limitations. See *Bank v. King,* 164 N. C., 303, 80 S. E., 252. The statute of limitations continued to run against the holder and in favor of the guarantor of the note, until the issuing of summons in this action against the guarantor on 11 May, 1934.

More than three years having elapsed from the date the cause of action in this note accrued to the date of the commencement of this action, the action is barred. C. S., 441 (1). See *Trust Co. v. Clifton, supra.*

There was error in the judgment of the Superior Court in this action. The judgment is

Reversed.

---

MRS. W. W. CALL POINDEXTER, WIDOW OF W. W. CALL, v. WILMA CALL, NINA CALL, AND WALTER CALL, JR., HEIRS AT LAW OF W. W. CALL.

(Filed 20 March, 1935.)

**1. Appeal and Error F b—**

Where there are no findings of fact or request therefor, the Supreme Court, on appeal, will not attempt to ascertain the material facts from conflicting affidavits, upon a sole exception to the judgment.

**2. Appeal and Error J d—**

The burden is on appellant to show error, the presumption being against him.

**3. Dower C a—Creditors of estate objecting to allotment of dower on the grounds that allotment is excessive must pursue remedy in apt time.**

While creditors of an estate may be permitted to contest the widow's allotment of dower in proper instances upon the ground that the allotment is excessive, they must pursue their remedy in apt time by excepting to the report of the jury, and their motion to be made parties in order to contest the allotment of dower, made in this case almost three months after approval by the court of the clerk's confirmation of the jury's report, *is held* too late.