The defendant Gurney P. Hood, Commissioner of Banks, ex rel. Savings Bank and Trust Company of Elizabeth City, N.C. which is now in his hands for liquidation because of its insolvency, has in his possession as an asset of said Savings Bank and Trust Company a note which is in words and figures as follows:
"$2,000.00. ELIZABETH CITY, N.C. 5 December, 1930.
"Without grace, on 3 February, next after date, I promise to pay to the order of Savings Bank and Trust Company of Elizabeth City, N.C. two thousand dollars, at Savings Bank and Trust Company.
 "No. 89778 — Due 3 Feb. JOHN H. HALL, Administrator of B. L. Banks."
On the back of said note appear the following endorsements:
"Payment guaranteed. Protest, demand, and notice of nonpayment waived.
MAUD KRAMER BANKS."
"Pay to the order of John H. Hall, administrator of B. L. Banks, without recourse on us.
 SAVINGS BANK AND TRUST COMPANY, By A. G. SMALL, Liq. Agt."
This note was executed by John H. Hall as administrator of B. L. Banks and endorsed by Maud K. Banks, in renewal of a note for a like amount, which was executed by B. L. Banks and endorsed by Maud K. Banks, and was owned by the Savings Bank and Trust Company at the death of B. L. Banks, on 2 October, 1930.
After the said note came into the possession of the North Carolina Corporation Commission, the predecessor of the defendant Gurney P. Hood, Commissioner of Banks, upon the insolvency of the Savings Bank and Trust Company of Elizabeth City, N.C. A. G. Small, liquidating agent, charged the amount of said note to the account of the plaintiff, marked the note paid, and tendered the same to the plaintiff, with his endorsement as now appears on the note. The plaintiff declined to accept *Page 61 
the note, contending that the liquidating agent had no right, legal or equitable, to charge the same to his account. On 6 October, 1931, the plaintiff instituted this action for an order of the court directing the defendant Gurney P. Hood, Commissioner of Banks, to restore to his credit on his books the amount which had been wrongfully applied by the liquidating agent as a payment of the note.
On 11 May, 1934, pursuant to an order made in this action, on the motion of the defendant Gurney P. Hood, Commissioner of Banks, summons was issued against the defendant Maud K. Banks, who was thereby made a party to the action. Thereafter judgment was rendered at May Term, 1934, directing the defendant Gurney P. Hood, Commissioner of Banks, to restore to the credit of the plaintiff on his books the amount which had been wrongfully applied by the liquidating agent in payment of said note.
In his answer to the complaint in this action the defendant Gurney P. Hood, Commissioner of Banks, prays judgment, in the event the court should direct him to restore to plaintiff's credit the amount applied by the liquidating agent to the payment of said note, that he recover of the plaintiff as maker and of the defendant as guarantor on said note the sum of two thousand dollars and interest.
In her answer to the complaint, in defense of the cross-action alleged in the answer of Gurney P. Hood, Commissioner of Banks, against her, the defendant Maud K. Banks, among other things, says:
"15. That the cause of action, if any, which the defendant Gurney P. Hood, Commissioner of Banks, ex rel. Savings Bank and Trust Company of Elizabeth City, N.C. may have had against this defendant, accrued more than three years prior to the issuing of summons in this action against her, and she pleads this lapse of time in bar of any recovery by the said Gurney P. Hood, Commissioner of Banks, of her in this action."
On the foregoing facts, which appear in the statement of facts agreed by the parties to the controversy with respect to said note, the court was of opinion that the cause of action of the defendant Gurney P. Hood, Commissioner of Banks, against the defendant Maud K. Banks is not barred by the three-year statute of limitations, and thereupon rendered judgment that the defendant Gurney P. Hood, Commissioner of Banks, ex rel. Savings Bank and Trust Company, recover of the defendant Maud K. Banks the sum of two thousand dollars, with interest thereon from 3 February, 1931.
From said judgment the defendant Maud K. Banks appealed to the Supreme Court.
The cause of action on the note involved in this action accrued on 3 February, 1931.
The statute of limitations began to run at that date against the holder and in favor of both the maker and the guarantor of the note. C. S., 405;Trust Co. v. Clifton, 203 N.C. 483, 166 S.E. 334.
No voluntary payment has been made on the note since the cause of action accrued by either the maker or the guarantor. The wrongful application by the liquidating agent of the Corporation Commission of the sum of $2,000, which he charged to the account of the maker, was not a voluntary payment of the note, and did not stop the running of the statute of limitations. See Bank v. King, 164 N.C. 303, 80 S.E. 252. The statute of limitations continued to run against the holder and in favor of the guarantor of the note, until the issuing of summons in this action against the guarantor on 11 May, 1934.
More than three years having elapsed from the date the cause of action in this note accrued to the date of the commencement of this action, the action is barred. C. S., 441 (1). See Trust Co. v. Clifton, supra.
There was error in the judgment of the Superior Court in this action.
The judgment is
Reversed.