## W. T. RAWLEIGH CO. v. JUSTUS.

No. 30237. Nov. 4, 1941.

Rehearing Denied Nov. 25, 1941.

*119 P. 2d 82.*

W. T. Jeter, of Mangum, for plaintiff in error.

Hollis Arnett, of Mangum, for defendant in error.

PER CURIAM. This is an appeal from an order sustaining the demurrer to the second amended petition. The action was on a contract of guaranty for the salesman of the plaintiff. The action was filed February 6, 1940, and it is conceded that the trial court based its ruling on the fact that the five-year statute of limitations, section 101, O. S. 1931, subd. 1, 12 Okla. St. Ann. § 95, began to run from December 31, 1934, when the contract expired, while plaintiff contends that it ran from July 28, 1936, the date of the last installment payment made thereon by the salesman of the plaintiff company.

This is the sole question presented. The contract of guaranty contains no clause by which the guarantor consented to any extension or partial payments by the principal.

It is said that the waiver of all notice contained in the contract of guaranty is waiver of objection to partial payments. The plaintiff overlooks the fact that there must be a consent to partial payment. See in this connection Georgia v. O'Herion, 176 Okla. 103, 54 P. 2d 657, and related authorities. We find no consent or agreement to consent to any payments mentioned in the contract. Payment does not as a matter of law toll the statute of limitations or extend the time for filing suit against

the guarantor in the absence of an agreement to that effect. See Annotation to Wachovia Bank & Trust Co. v. Clifton, 203 N. C. 483, 166 S. E. 334, 84 A.L.R. at page 729.

Plaintiff cites and relies upon Hope v. Gordon, 174 Okla. 368, 50 P. 2d 669, and Skinner v. Bowlan, 181 Okla. 544, 75 P. 2d 181. We think these authorities are clearly distinguishable from the rule to be applied in the case at bar. The surety in the cited cases consented to extensions or partial payments by the principal.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, OSBORN, BAYLESS, and GIBSON, JJ., absent.