CAROLINA MILLS LUMBER CO. v. HUFFMAN

[96 N.C. App. 616 (1989)]

---

CAROLINA MILLS LUMBER COMPANY, INC., PLAINTIFF v. NORMAN J. HUFF-MAN, DEFENDANT

No. 8918SC189

(Filed 19 December 1989)

**Guaranty § 2 (NCI3d)— substitution of pages—failure to show defendant signed particular guaranty agreement**

The trial court properly entered judgment for defendant based on plaintiff's failure to meet his burden of proof in his action on a guaranty agreement where the court found that the discoloration of pages, staple removal, and testimony of defendant and a notary who allegedly witnessed his signature were sufficient to support an inference that defendant did not in fact sign and deliver the particular agreement in question; rather, plaintiff merely proved that the signature on the agreement was defendant's but did not show by a preponderance of the evidence that defendant signed that guaranty agreement.

**Am Jur 2d, Guaranty § 123.**

APPEAL by plaintiff from judgment entered 25 October 1988 by *Judge Peter Hairston* in GUILFORD County Superior Court. Heard in the Court of Appeals 20 September 1989.

This is an action on a guaranty agreement. On 30 March 1987, plaintiff filed suit against defendant alleging that defendant had agreed in writing to guarantee any and all debts not paid by the principal debtor, Marler Corporation. After the date of the agreement, plaintiff secured a judgment against Marler Corporation for $62,826.73 which was unsatisfied. Defendant answered on 2 November 1987 denying all material allegations of complaint.

At the bench trial, plaintiff introduced the purported original guaranty agreement consisting of four pages. The first two pages embodied the whole guaranty agreement. The third page contained only the words "be hereunto affixed this 21st day of September, 1982" and what purported to be defendant's signature. The fourth page was an acknowledgment page signed by John Howell with a notary seal. Plaintiff presented testimony by Emily Will, a handwriting expert, who testified, after comparing exemplars of defendant's signature with the document, that the signature appearing on the third page of the guaranty agreement was in fact defendant's signature. She further testified that there had been no substitution of pages since "the typefaces, spacing, the irregularities in each document are the same" while noting that the document which was introduced was a copy.

Then defendant introduced evidence to show that a substitution of pages had occurred. William Shulenberger, a questioned document examiner, testified that the signature and acknowledgment pages "were not made as a continuous operation or under the exact circumstances. In other words, they show material differences and raised questions as to the integrity of the four pages."

John Howell, the notary, also testified that he had never received the guaranty agreement and that he never witnessed defendant signing the agreement. He further testified that he was not a notary on 21 September 1982 and that he normally notarized a signature by having the individual sign the page on which he affixed his notarial seal.

After hearing all the evidence at the bench trial, the trial judge found that the guaranty agreement was a photostatic copy of the original and that there was a "substantial difference in the coloration between the various pages, indicating that a substitution of pages may have occurred." The judge also found that the staple connecting the pages had been removed at some time before trial also creating an inference that a substitution of pages might have

occurred. The trial judge found that the signatures of both defendant and John Howell were genuine but that John Howell was not licensed as a notary on 21 September 1982 and that he did not see defendant sign or acknowledge the guaranty agreement before him. Finally, the trial judge found that defendant did not sign or deliver to plaintiff the guaranty agreement. The trial judge then entered judgment for the defendant allowing recovery of costs and dismissing the action with prejudice. Plaintiff appeals.

*Charles R. Foster for plaintiff-appellant.*

*Haworth, Riggs, Kuhn and Haworth, by Susan H. Gray, for defendant-appellee.*

EAGLES, Judge.

Plaintiff first assigns as error the trial judge's entry of judgment for defendant based on plaintiff's failure to meet his burden of proof. Plaintiff contends that the trial court erred when it based its decision on the fact that a difference in coloration and staple removal indicated that a substitution of pages might have occurred as opposed to basing its decision on the authenticity of the questioned signature. Plaintiff further contends that he carried the burden of persuasion at trial and accordingly presented evidence through testimony of an expert witness that the signature and the guaranty agreement were genuine. Plaintiff contends that since defendant only presented evidence on the substitution of pages and not the genuineness of defendant's signature, defendant did not cast substantial doubt on plaintiff's case and plaintiff should prevail. We disagree.

In order to hold a guarantor liable under a guaranty agreement, plaintiff must first establish the existence of the agreement. "A guaranty of payment is an absolute promise by the guarantor to pay the debt at maturity if it is not paid by the principal debtor. This obligation is separate and independent of the obligation of the principal debtor, and the creditor's cause of action against the guarantor ripens immediately upon the failure of the principal debtor to pay the debt at maturity." *Investment Properties of Asheville, Inc. v. Norburn,* 281 N.C. 191, 195, 188 S.E. 2d 342, 345 (1972).

Plaintiff has introduced into evidence an agreement which it alleged was signed by defendant and notarized by plaintiff's agent.

CAROLINA MILLS LUMBER CO. v. HUFFMAN

[96 N.C. App. 616 (1989)]

Defendant has denied signing or delivering that agreement to plaintiff. Likewise, the notary has denied notarizing that particular agreement. Plaintiff has attempted to authenticate the guaranty agreement by offering the testimony of a handwriting expert.

We recognize that "every writing sought to be admitted must be properly authenticated" pursuant to Rule 901, North Carolina Rules of Evidence. *FCX, Inc. v. Caudill*, 85 N.C. App. 272, 276, 354 S.E. 2d 767, 771 (1987). Rule 901 provides that evidence can be authenticated to support a finding that the matter in question is what its proponent claims by an expert witness with specimens which have been authenticated.

While it is not disputed that the signature on the guaranty agreement is defendant's, it is disputed whether the defendant actually affixed his signature to that guaranty agreement.

When determining if the plaintiff has met his burden of proof, the following conditions must be met: (1) The plaintiff must first produce evidence that is satisfactory to the judge of a particular fact in issue; (2) then, the plaintiff has the burden of persuading the trier of fact that the alleged fact is true. McCormick, McCormick on Evidence (3rd Ed.) Section 336.

> The burden of persuasion becomes a crucial factor only if the parties have sustained their burdens of producing evidence and only when all of the evidence has been introduced. . . . When the time for a decision comes, the jury, if there is one, must be instructed how to decide the issue if their minds are left in doubt. . . . If there is no jury and the judge finds himself in doubt, he too must decide the issue against the party having the burden of persuasion.

*Id.*

The trial judge sitting as trier of fact found that the discoloration of pages, staple removal and testimony of both defendant and notary were sufficient to support an inference that defendant did not in fact sign and deliver that particular agreement. The plaintiff merely proved that the signature on the agreement was defendant's but did not show by a preponderance of the evidence that defendant signed that agreement. Accordingly, this assignment of error must fail.

Plaintiff's remaining assignment of error was not discussed in plaintiff's brief and pursuant to Rule 28 is deemed abandoned.

For the above-stated reasons, the judgment of the trial court is affirmed.

Affirmed.

Judges PARKER and GREENE concur.