SUNTRUST BANK v. C & D CUSTOM HOMES, LLC

[223 N.C. App. 347 (2012)]

No error in part, no plain error in part.

Judges BEASLEY and THIGPEN concur.

───────────────

SUNTRUST BANK, Plaintiff v. C & D CUSTOM HOMES, LLC, CARROLL G. OGLE, SHEILA H. OGLE, ROBERT D. SCALES and McKNIGHT VENTURES I, LLC, Defendants

No. COA12-185

(Filed 6 November 2012)

**Powers of Attorney—condition precedent—not satisfied—guaranties not effective**

Summary judgment should have been granted for defendant Sheila Ogle (appellant) in an action on commercial promissory notes and personal guaranties used for real property development where appellant was included through a power of attorney given to her husband. The power of attorney clearly stated that its powers not be exercised until appellant was certified incompetent by a physician, a condition precedent that was not met, and no power of attorney ever vested in appellant's husband. Plaintiff was deemed to be on notice of any limitation contained in the power of attorney, and N.C.G.S. § 32A-40(a) did not apply because the attorney-in-fact acted beyond the power granted in the power of attorney.

Appeal by Defendants from order entered 27 June 2011 by Judge Ned W. Mangum in Wake County Superior Court. Heard in the Court of Appeals 15 August 2012.

*Kilpatrick Townsend & Stockton, LLP, by Alan D. McInnes, for Plaintiff-Appellee.*

*Stevens Martin Vaughn & Tadych, PLLC, by Michael J. Tadych, for Defendant-Appellant Sheila H. Ogle.*

BEASLEY, Judge.

Sheila H. Ogle (Appellant) appeals from a 27 June 2011 order granting summary judgment in favor of SunTrust Bank (Plaintiff). For the following reasons, we reverse the trial court's order as it applies

to Appellant and instruct the trial court to enter an order consistent with this opinion.

On 20 May 1996, Appellant executed a durable power of attorney (POA) that appointed her husband Carroll G. Ogle (Mr. Ogle) as her attorney-in-fact. The POA was recorded with the Wake County Register of Deeds on 27 August 1999. From September 2004 through March 2007, Defendants Robert D. Scales (Mr. Scales) and Mr. Ogle, through their entities C & D Custom Homes, LLC, and McKnight Ventures I, LLC, borrowed money from Plaintiff for the development of real property, executing a series of eleven commercial promissory notes and several personal guaranties. During that process, Mr. Ogle signed six personal guaranties[1] and one deed of trust in Appellant's name. The notes fell into default, and Plaintiff instituted foreclosure proceedings on the properties securing the notes. Some of these sales yielded less than the outstanding obligations, thus resulting in deficiencies.

Plaintiff commenced this action on 27 January 2010 by filing a complaint seeking judgment against C & D Custom Homes, LLC, Mr. Scales, McKnight Ventures I, LLC, Mr. Ogle, and Appellant (collectively, Defendants) on the eleven notes and related guaranties. Plaintiff filed a motion for summary judgment as to all Defendants on 11 April 2011, and then filed an amended motion for summary judgment on 13 May 2011. Defendants filed an objection to Plaintiff's motion for summary judgment as well as a motion for summary judgment as to Appellant on 16 May 2011. On 27 June 2011, the trial court granted Plaintiff's motion for summary judgment as to all Defendants. From this order, Appellant now appeals.[2]

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2011). "When considering a motion for summary judgment, the trial judge must view the presented evidence in a light most favorable to the nonmoving party." *Dalton v. Camp*, 353 N.C. 647, 651, 548 S.E.2d 704, 707

---

1. Appellant's brief states that Mr. Ogle signed seven personal guaranties in Appellant's name; however, the record reflects only six such guaranties.

2. Although Defendants Sheila H. Ogle and Carroll G. Ogle both signed the notice of appeal filed with this Court, the appellant's brief only discusses the entry of summary judgment against Ms. Ogle.

(2001). "Our standard of review of an appeal from summary judgment is de novo[.]" *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008).

Appellant first argues that the trial court erred in granting Plaintiff's motion for summary judgment and denying Appellant's motion for summary judgment where the POA was not effective to vest Mr. Ogle with any powers. Plaintiff argues that Appellant failed to raise this claim in her answer, in her objection to the motion for summary judgment, or in her affidavit. Our review of Appellant's affidavit demonstrates that this issue was in fact raised. Appellant's affidavit states that Mr. Ogle "had neither actual nor apparent authority to sign any such unconditional guarantees." This affidavit was properly before the trial court and is sufficient to raise the issue of the effectiveness of the POA. We hold that the trial court erred in granting Plaintiff's motion for summary judgment where the undisputed facts fail to show that Appellant was incompetent; thus, Mr. Ogle had no authority to act on Appellant's behalf.

"A power of attorney creates an agency relationship between one who gives the power, the principal, and one who exercises authority under the power of attorney, the agent. A power of attorney must be strictly construed and will be held to grant only those enumerated powers." *Whitford v. Gaskill*, 119 N.C. App. 790, 793, 460 S.E.2d 346, 348 (1995), *rev'd on other grounds*, 345 N.C. 475, 480 S.E.2d 690 (1997) (internal citations omitted).

> There are two essential ingredients in the principal-agent relationship: (1) Authority, either express or implied, of the agent to act for the principal, and (2) the principal's control over the agent. The agent must have authority to act on behalf of the principal. It would be manifestly unjust to hold one party liable for the actions taken by another person if that person did not have authority to act for him.

*Vaughn v. Dept. of Human Resources*, 37 N.C. App. 86, 91, 245 S.E.2d 892, 895 (1978), *aff'd*, 296 N.C. 683, 252 S.E.2d 792 (1979) (internal citations omitted). The plaintiff must show the existence of a valid guaranty agreement in order to recover from the guarantor. *Tripps Rests. of N.C. v. Showtime Enters., Inc.*, 164 N.C. App. 389, 391-392, 595 S.E.2d 765, 767 (2004).

The terms of the POA clearly state, under the heading "RESTRICTIONS ON EXERCISE OF POWERS BY ATTORNEY-IN[-]FACT," that "[t]he rights, powers, duties and responsibilities herein conferred

upon my Attorney-in-Fact *shall not* be exercised by my Attorney-in-Fact *until* a physician has certified to my Attorney-in-Fact that in his or her opinion I am no longer able (physically or mentally) to handle my personal and business affairs." (emphasis added) Despite many broad powers conferred in Article III of the POA, we must strictly construe the instrument's terms. Appellant's mental or physical incompetence, as certified by a physician, is a condition precedent to the operation of the POA. Plaintiff argues that there is "nothing in the record to demonstrate that [Plaintiff] knew [Appellant] was competent." This may be true, but Plaintiff's assumption that Appellant was incompetent fails to create an issue of material fact. There is no evidence in the record or contention that Appellant was certified physically or mentally incompetent to handle her own affairs by a physician. As such, no power of attorney ever vested in Mr. Ogle.

Our decision is bolstered by *O'Grady v. First Union Bank*, 296 N.C. 212, 250 S.E.2d 587 (1978), decided prior to the recodification of the statutes dealing with powers of attorney. In *O'Grady*, our Supreme Court held that the third-party defendant was not liable on a note solely because of his attorney-in-fact's unauthorized signature. *Id.* at 225-26, 250 S.E.2d at 596-97. The POA executed by the third-party defendant specifically limited the attorney-in-fact's powers to real estate transactions in Robeson County, and the evidence showed that the attorney-in-fact signed a note on properties outside of Robeson County. *Id.* at 225, 250 S.E.2d at 596. The Court rejected the bank's apparent authority argument, declaring,

> [i]f the act of an agent is one which requires authority in writing (*such as a power of attorney*, under G.S. 47-115.1), *those dealing with him are charged with notice of that fact and of any limitation or restriction on the agent contained in such written authority*, for the principal is bound only to the extent of that authority. In such instances the doctrine of apparent authority does not apply, for a *third party is deemed to have notice of the nature and extent of the agent's authority*.

*Id.* at 225-226, 250 S.E.2d at 596 (emphasis added) (internal citations omitted). Section 32A-8 contemplates that a durable POA is in writing; thus, Plaintiff is deemed to be on notice of any "limitation or restriction" contained in the POA, notwithstanding any record notice Plaintiff had by virtue of the instrument's registration with the Register of Deeds. As Plaintiff argues, we have found no requirement that a third party inquire as to the effectiveness of the POA. Nevertheless, a third party who fails to inspect a POA's terms does so

at his own peril since he is deemed on notice of the limitations and restrictions contained therein.

Plaintiff argues that it was justified in relying on Mr. Ogle's representations based on the broad grant of authority and the provision for third party reliance in the POA, and N.C. Gen. Stat. §§ 32A-9(c) and 32A-40(a) (2011). We reject these contentions.

Section 32A-9(c) provides that

> [a]ny person dealing in good faith with an attorney-in-fact acting under a power of attorney executed under this Article shall be protected to the full extent of the powers conferred upon such attorney-in-fact, and no person so dealing with such attorney-in-fact shall be responsible for the misapplication of any money or other property paid or transferred to such attorney-in-fact.

Further, § 32A-40(a) provides that

> [u]nless (i) a person has actual knowledge that a writing is not a valid power of attorney, or (ii) the action taken or to be taken by a person named as attorney-in-fact in a writing that purports to confer a power of attorney is beyond the apparent power or authority of that named attorney-in-fact as granted in that writing, a person who in good faith relies on a writing that on its face is duly signed, acknowledged, and otherwise appears regular, and that purports to confer a power of attorney, durable or otherwise, shall be protected to the full extent of the powers and authority that reasonably appear to be granted to the attorney-in-fact designated in that writing . . . .

As we stated earlier, Plaintiff's argument fails in part because the restriction quoted above regarding Appellant's incompetence is a condition precedent to Mr. Ogle having the power to act on her behalf. The broad grant of authority cannot override the unmistakable restriction that Appellant be certified incompetent by a physician. Similarly, § 32A-9(c) only protects a third party to the extent of the powers *conferred* on the attorney-in-fact. The POA conferred no power on Mr. Ogle to act on Appellant's behalf, so this statute is inapplicable. Section 32A-40(a) does not apply if Plaintiff had actual knowledge that the power was invalid or the attorney-in-fact acts "beyond the apparent power or authority of that named attorney-in-fact as granted in that writing[.]" While Plaintiff may not have had actual knowledge that Appellant was competent and therefore the

power was invalid, Appellant had constructive notice of the terms of the POA based on *O'Grady* and record notice of the terms since the POA was filed in the public records. The record indicates the exact book and page number where Plaintiff could have found the POA. The terms of the POA show that there was no apparent authority for Mr. Ogle to sign Appellant's name on these guaranties given the clear restriction on the vesting of his power. His actions were beyond the apparent authority of the written POA, making § 32A-40(a) inapplicable as well, despite Plaintiff's argument that it lacked actual knowledge.

In summary, there is no issue of material fact since the record fails to show that Appellant was incompetent at the time Mr. Ogle, purporting to be her attorney-in-fact, signed the guaranties at issue. Thus, no power of attorney ever vested in Mr. Ogle. The guaranty agreements between Plaintiff and Appellant are invalid, and Plaintiff is not entitled to recover from Appellant as a guarantor. Defendants' motion for summary judgment in favor of Appellant should have been granted. We reverse the trial court's order granting Plaintiff's motion for summary judgment as it applies to Appellant and remand for entry of summary judgment in favor of Defendant Sheila Ogle.

Reversed and Remanded.

Chief Judge MARTIN and Judge GEER concur.