EZRA MEIR AND WIFE, VIOLET S. MEIR v. RUSSELL C. WALTON, JR.,
AND WIFE, MARGIE G. WALTON

No. 6910SC365

(Filed 22 October 1969)

1. **Pleadings § 2— complaint — demand for relief**

   The complaint must contain a demand for the relief to which the plaintiff supposes himself entitled. G.S. 1-122.

2. **Pleadings § 7— prerequisites for relief — allegations and proof** ·

   The relief to be granted does not depend upon that asked for in the complaint, but it depends upon whether the matters alleged and proved entitle the complaining parties to the relief granted, and this is so in the absence of any prayer for relief.

3. **Judgments § 15— nature of relief in default judgments**

   Where no answer is filed, the relief granted cannot exceed that actually demanded somewhere in the complaint when considered in its entirety. G.S. 1-226.

4. **Judgments § 15— effect of default judgment — plaintiff's right to relief — objection by defendant**

   The failure of the defendants to answer within the statutory time prevents them from denying any fact set forth in the verified complaint and is an admission that plaintiffs are entitled to such relief as the law gives them upon the facts alleged; but defendants may be heard to object to the judgment by default on the ground that the judgment does not strictly conform to, and is not supported by, the allegations. ·

5. **Judgments § 15; Boundaries § 15— boundary dispute — judgment by default — nature of plaintiff's relief**

   In a hearing upon a judgment by default and inquiry that was obtained by plaintiffs in an action arising out of a boundary line dispute between plaintiffs and adjoining landowners, plaintiffs are not entitled to an order permanently restraining the defendant landowners from using portion of a dirt path that lies upon plaintiffs' lands, where there was no demand for relief in plaintiffs' complaint which would empower the court to issue a permanent restraining order. ·

APPEAL by defendants from *McKinnon, J.*, March 1969 Civil Session, WAKE County Superior Court.

This action arose out of a dispute over the boundary between land owned by the parties. The true boundary was established by the court below and that aspect of the case is not involved in this appeal.

Involved in the controversy is a ten-foot dirt path. Although the survey is not a part of the record, it appears that for some distance the path lies on property now determined to be owned by the plain-

tiffs. In addition to a judicial determination of the true and correct dividing line, the complaint sought damages for alleged acts of trespass by Russell C. Walton. The plaintiffs also asked that ". . . the Court issue its temporary order restraining the defendant Russell C. Walton from going upon the property of the plaintiffs and specifically from using that portion of the path located on the property of the plaintiffs and from threatening the plaintiffs," and that "the defendant Russell C. Walton . . . appear . . . and show cause . . . why said temporary restraining order should not be continued pending the trial of this action."

Upon the hearing on the show cause order, judgment was entered allowing both plaintiffs and defendants to use the dirt path and enjoining Russell C. Walton, Jr., from further tampering with the fence erected by the plaintiffs and from otherwise interfering with them in the use of their property.

Upon the defendants' failure to file answer, the plaintiffs obtained a judgment by default and inquiry. A judgment denying defendants' motion to vacate and set aside the judgment was affirmed in the decision of this Court reported in 2 N.C. App. 578. The Supreme Court denied *certiorari* in 274 N.C. 518.

Subsequently the matter came on for hearing before McKinnon, J., at the March 1969 Session of Wake Superior Court. Plaintiffs in open court waived their claim for damages. The judgment declared the boundary line as established by the surveyor to be the true and correct line between the parties, ordered the plaintiffs to convey all their interest in the land lying on the southeasterly side of the line to the defendants, ordered the defendants to convey all their interest in the land on the northwesterly side of said line to the plaintiffs and declared that the effect of the order was to transfer the respective interests in the property as though the conveyances ordered were in fact executed. The judgment further provided "that the defendants be and they are hereby permanently restrained from going upon the property of the plaintiffs and specifically from using that portion of the dirt path located on the property of the plaintiff . . ." The plaintiffs, by consent, were likewise restrained as to the defendants' property. Defendants appealed.

*Manning, Fulton and Skinner by Jack P. Gulley for plaintiff appellees.*

*Jordan, Morris and Hoke by John R. Jordan, Jr., and Robert Gruber for defendant appellants.*

Vaughn, J.

The sole assignment of error brought forward by the defendants attacks the portion of the judgment which permanently restrains them from using that portion of the dirt path located on the property of the plaintiffs as shown on the map referred to by the court below when it determined the true and correct boundary between the parties. This exception is based on the fact that there was no demand for a permanent restraining order in the prayer for relief of the plaintiffs' complaint.

[1, 2] G.S. 1-122 provides that the complaint must contain ". . . demand for the relief to which the plaintiff supposes himself entitled." In applying the statute our courts have consistently followed the rule that the relief to be granted does not depend upon that asked for in the complaint, but upon whether the matters alleged and proved entitle the complaining parties to the relief granted, and this is so in the absence of any prayer for relief. *Griggs v. York-Shipley, Inc.,* 229 N.C. 572, 50 S.E. 2d 914. This continues to be true where answer is filed.

[3] Where no answer is filed, however, the relief which can be granted the plaintiff is limited by G.S. 1-226 which reads:

"When limited by demand in complaint. — The relief granted to the plaintiff, if there is no answer, cannot exceed that demanded in his complaint; but in any other case the court may grant him any relief consistent with the case made by the complaint and embraced within the issue."

The general rule elsewhere seems to be that ". . . relief granted in a judgment by default must be, not only within the fair scope of the allegations of the complaint, but also within the fair scope of the prayer thereof." 30A Am. Jur., Judgments, § 214.

Although we can find no case where the North Carolina courts have limited the relief to that demanded in the prayer for relief, it is very clear that where no answer is filed, the relief granted cannot exceed that actually demanded somewhere in the complaint when considered in its entirety.

In *Simms v. Sampson,* 221 N.C. 379, 20 S.E. 2d 554, the Supreme Court speaking through Denny, J., stated: "But if the respondent answers, the court may grant any relief which is consistent and embraced within the issues raised by the pleadings. Where, however, respondent does not answer, but makes default, the relief granted to petitioner cannot exceed that which he has demanded and that necessarily incident thereto."

**[4]**  Defendants' failure to answer within the statutory time prevents them from denying any fact set forth in the verified complaint, and admits that plaintiffs are entitled to such relief as the law gives them upon the facts alleged, but they may be heard to object to the judgment by default final as not strictly conforming to and being supported by the allegations of fact in the verified complaint. *Collins v. Simms,* 254 N.C. 148, 118 S.E. 2d 402; *Pruitt v. Taylor,* 247 N.C. 380, 100 S.E. 2d 841.

The limitation on "the relief granted" cannot be said to be restricted to cases involving award of money damages. *Collins v. Simms, supra.* "Relief" is a general designation of the assistance, redress or benefit which a complainant seeks at the hands of a court. Black's Law Dictionary, 4th Ed. (1969).

**[5]**  A careful study of the entire complaint discloses no demand for relief which would empower the court to permanently restrain the parties from going on the property of the other. The only injunctive relief demanded by the plaintiffs was an order to restrain Russell C. Walton, Jr., pending the trial of the action. The record discloses that even the temporary restraining order did not prohibit the defendants from going on the property in question but provided for the joint use by the parties pending the trial. It is also to be observed that although the plaintiffs sought only to temporarily restrain the male defendant, the judgment appealed from permanently restrains Margie G. Walton from going on the property of the plaintiffs.

The judgment is modified to the extent that the portion thereof permanently restraining either of the parties from going on the property of the other is vacated. The remainder of the judgment is affirmed.

Modified and affirmed.

BROCK and BRITT, JJ., concur.