MRD MOTORSPORTS, INC., Plaintiff v. TRAIL MOTORSPORTS, LLC a/k/a TRAIL MOTORSPORT, INC., ARMANDO FITZ, and ARTHUR F. SHELTON, Defendants

No. COA09-1566

(Filed 15 June 2010)

**1. Judgments— default judgment—abuse of discretion—failure to award treble damages—unfair trade practices**

The trial court abused its discretion by failing to award treble damages under N.C.G.S. § 75-16 against defendants Trail and Shelton when plaintiff elected this remedy in its motion for default judgment. Defendants Shelton and Trail's liability for unfair and deceptive trade practices was sufficiently alleged and deemed admitted. Although defendants Shelton and Trail may be held jointly and severally liable for the full amount of damages as trebled, defendant Fitz may be held jointly and severally liable with these defendants only for $66,000 of the $198,000 total damage award.

**2. Attorney Fees— trial court's failure to exercise discretion—remand**

The trial court erred by failing to consider plaintiff's request for attorney fees under N.C.G.S. § 75-16.1. On remand, the trial court must consider whether to exercise its discretion to award attorney fees.

Appeal by plaintiff from judgment entered 13 July 2009 by Judge Tanya Wallace in Cabarrus County Superior Court. Heard in the Court of Appeals 26 April 2010.

*James, McElroy & Diehl, P.A., by Preston O. Odom, III, Adam L. Ross, and Sarah M. Brady, for plaintiff-appellant.*

*No brief for defendants-appellees.*

MARTIN, Chief Judge.

MRD Motorsports, Inc. ("plaintiff") is a Florida corporation with its principal place of business in Concord, North Carolina. Plaintiff owns and operates an automotive racing team that competes in National Association of Stock Car Auto Racing ("NASCAR") sanctioned events in the Camping World Truck series and Nationwide series. Trail Motorsports, LLC ("defendant Trail") is a Wyoming company with its principal place of business in Mooresville, North Carolina. Defendant Trail also owns and operates one or more race teams that compete in such NASCAR sanctioned events.

Plaintiff filed its complaint in this action alleging the following: In 2009, defendant Trail entered into a contract with a driver to race in 2009 Camping World Truck series events. However, it did not have the necessary equipment or staff to compete in the Camping World Truck events that were to occur in Daytona on 13 February 2009 ("Daytona race") and California on 21 February 2009 ("California race"). In February 2009, Armando Fitz ("defendant Fitz"), an officer of defendant Trail, contacted Dave Malcolmson ("Malcolmson"), plaintiff's president, to inquire as to whether plaintiff would lease its race team to defendant Trail for the Daytona and California races. The race driver at these events was to be the driver hired by defendant Trail.

Plaintiff and defendant Trail ultimately entered into a written contract in early February 2009. Pursuant to the terms of this contract, defendant Trail was to pay plaintiff $66,000 by 6 February 2009 for the Daytona race and an additional $66,000 by 16 February 2009

for the California race. In return, plaintiff was to provide defendant Trail with services and equipment "including, but not limited to a primary and backup race truck, a fully equipped race hauler, spare parts, a complete race crew, and an over the wall pit stop crew with required equipment" for both the Daytona and California races.

Defendant Trail paid plaintiff for the Daytona race on 10 February 2009, three days before the Daytona race and four days after the date set for payment. Despite the untimely payment, plaintiff provided the services to which it had agreed under the contract for the Daytona race. Defendant Trail did not timely make the scheduled payment for the California race, and on 17 February 2009, Malcolmson and Arthur F. Shelton ("defendant Shelton"), a manager of defendant Trail, discussed the payment issue. Defendant Shelton assured Malcolmson that he would have the funds in plaintiff's account by the close of business on 18 February 2009. The funds were not transferred as promised. On 20 February 2009, defendant Shelton called Malcolmson and told him that defendant Trail had the money to pay plaintiff but a bank hold was .preventing them from transferring the money to plaintiff on time. Defendant Shelton assured Malcolmson that the money would be paid no later than Thursday following the California race. In reliance on defendant Shelton's statements, plaintiff provided the staff and equipment to defendant Trail for the California race. Defendant Trail failed to pay plaintiff the additional $66,000, and, despite additional assurances to plaintiff that payment was forthcoming, defendant Trail has not paid plaintiff the $66,000 owed for the California race.

On 23 March 2009, plaintiff filed its complaint against defendant Trail, defendant Fitz, and defendant Shelton (collectively "defendants") seeking relief for breach of contract, fraud, unfair and deceptive trade practices, or, alternatively, unjust enrichment. In support of these claims, plaintiff alleged: (1) that defendants breached their contract with plaintiff by failing to pay the $66,000 for the California race; (2) that defendant Shelton, in promising that payment for the California race was forthcoming when he knew that such payment would not be submitted, made material misrepresentations of fact individually and on behalf of defendant Trail; (3) that these misrepresentations were made with the intent to induce, and in fact did "induce[,] [plaintiff] to allow [defendant] Trail . . . to use its race team at the California race"; (4) that these actions, which were "in and affecting commerce," directly and proximately caused plaintiff injury in the amount of at least $66,000; and (5) that because defendant Trail

"is nothing but the alter ego of" defendants Fitz and Shelton, each defendant "should also be held jointly and severally liable for [p]laintiff's harm." Plaintiff asked the trial court to grant it an award of actual damages, attorneys' fees, prejudgment interest, and costs, as well as punitive damages for the "willful, wanton, intentional, [and] malicious" conduct on the part of defendants Shelton and Trail. In the alternative, plaintiff asked for an award of "treble its actual damages pursuant to N.C.G.S. § 75-16."

The record reflects that defendants Shelton and Trail received service of process by certified mail on 28 March 2009 and 30 March 2009, respectively. By reason of their failure to answer or otherwise appear, their default was entered on 7 May 2009. Defendant Fitz was personally served on 17 May 2009. On 25 June 2009, an entry of default was granted as to defendant Fitz.

Plaintiff moved for default judgments against all defendants. Against defendants Trail and Shelton, plaintiff elected to recover treble damages and attorneys' fees pursuant to N.C.G.S. §§ 75-16 and 75-16.1 as well as prejudgment interest and costs. Plaintiff elected to recover from defendant Fitz actual damages of $66,000 for breach of contract plus costs and prejudgment interest. In support of its motions, plaintiff provided an affidavit verifying the complaint and an affidavit stating the amount of attorneys' fees incurred in the prosecution of the case.

On 13 July 2009, after a hearing at which none of the defendants appeared, the trial court entered Default Judgment against all defendants in which it ordered "that [p]laintiff shall have and recover judgment against all [d]efendants, jointly and severally in the principal sum of $66,000, together with interest thereon at the legal rate from the date of [d]efendants' breach of contract, February 16, 2009, plus costs of $136.15." The trial court did not address plaintiff's request for treble damages against defendants Trail and Shelton or its prayer for attorneys' fees. Plaintiff appeals.

As a general rule, this Court reviews an entry of default judgment for abuse of discretion. *See Battle v. Sabates*, —— N.C. App. ——, ——, 681 S.E.2d 788, 796-97 (2009) ("However, [i]mposition of sanctions that are directed to the outcome of the case, such as . . . default judgments . . . are reviewed on appeal from final judgment, and while the standard of review is often stated to be abuse of discretion, the most drastic penalties, dismissal or default, are examined in the light of the general purpose of the Rules to encourage trial on the merits." (inter-

nal quotation marks omitted) (alteration in original)). "Abuse of discretion exists when the challenged actions are manifestly unsupported by reason." *Barnes v. Wells*, 165 N.C. App. 575, 580, 599 S.E.2d 585, 589 (2004) (internal quotation marks omitted).

**[1]** Plaintiff first argues that the trial court abused its discretion in failing to award treble damages pursuant to N.C.G.S. § 75-16 against defendants Trail and Shelton when plaintiff clearly elected this remedy in its Motion for Default Judgment. "When default is entered due to a defendant's failure to answer, the substantive allegations contained in [the] plaintiff's complaint are no longer in issue, and for the purposes of entry of default and default judgment, are deemed admitted." *Luke v. Omega Consulting Grp., LC*, 194 N.C. App. 745, 751, 670 S.E.2d 604, 609 (2009). Thus, once default judgment is entered, the plaintiff is entitled to recover damages prayed for in the complaint, provided the facts alleged properly state a cause of action upon which the law gives relief. *Meir v. Walton*, 6 N.C. App. 415, 417-18, 170 S.E.2d 166, 168-69 (1969) (stating that "plaintiffs are entitled to such relief as the law gives them upon the facts alleged" within the limits of the relief "actually demanded somewhere in the complaint"). However, "[w]here the same course of conduct gives rise to . . . an action for breach of contract, and . . . gives rise to a cause of action for violation of G.S. 75-1.1, damages may be recovered either for the breach of contract, or for violation of G.S. 75-1.1, but not for both." *Marshall v. Miller*, 47 N.C. App. 530, 542, 268 S.E.2d 97, 103, *disc. review denied*, 301 N.C. 401, 274 S.E.2d 226 (1980), *reconsideration granted*, 301 N.C. 721, 274 S.E.2d 229, *aff'd as modified*, 302 N.C. 539, 276 S.E.2d 397 (1981). In such a case, the plaintiff must elect the remedy, as he is entitled to only "one redress for a single wrong." *McCabe v. Dawkins*, 97 N.C. App. 447, 448, 388 S.E.2d 571, 572, *disc. review denied*, 326 N.C. 597, 393 S.E.2d 880 (1990); *see also Ellis v. No. Star Co.*, 326 N.C. 219, 227, 388 S.E.2d 127, 132 ("Plaintiffs may in proper cases elect to recover either punitive damages under a common law claim or treble damages under N.C.G.S. § 75-16, but they may not recover both."), *reh'g denied*, 326 N.C. 488, 392 S.E.2d 89 (1990). The trial court must then honor the plaintiff's choice and award damages accordingly. *See Ellis*, 326 N.C. at 227-28, 388 S.E.2d at 132 (noting that on remand "the trial court must allow [the plaintiff] to elect its remedy").

A default judgment having been entered against each defendant for failure to file a responsive pleading, the allegations contained in the complaint were deemed admitted, including the several liability

of each defendant. *Blankeship v. Town & Country Ford, Inc.*, 174 N.C. App. 764, 767, 622 S.E.2d 638, 640 (2005). From our review of these allegations, it is evident that defendants Shelton and Trail's liability for unfair and deceptive trade practices was sufficiently alleged and deemed admitted. *See Gray v. N.C. Ins. Underwriting Ass'n*, 352 N.C. 61, 68, 529 S.E.2d 676, 681 ("In order to establish a violation of N.C.G.S. § 75-1.1, a plaintiff must show: (1) an unfair or deceptive act or practice, (2) in or affecting commerce, and (3) which proximately caused injury to plaintiffs."), *reh'g denied*, 352 N.C. 599, 544 S.E.2d 771 (2000). As it was entitled to do, plaintiff elected to recover treble damages against defendant Trail and defendant Shelton pursuant to N.C.G.S. § 75-16. Thus, the trial court was required to award treble damages as against those defendants. *Marshall v. Miller*, 302 N.C. 539, 547, 276 S.E.2d 397, 402 (1981) (noting that "[a]bsent statutory language [in N.C.G.S. § 75-16] making trebling discretionary with the trial judge, we must conclude that the Legislature intended trebling of any damages assessed to be automatic once a violation is shown"); *see also Ellis*, 326 N.C. at 227-28, 388 S.E.2d at 132. Since the trial court failed to do so, it abused its discretion.

There has been no challenge to the judgment entered against defendant Fitz for $66,000, and we accordingly do not address the validity of this order. *See* N.C.R. App. P. 28(b)(6) ("Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned."). On remand the trial court should enter an order trebling the damages against defendants Shelton and Trail. Though defendants Shelton and Trail are to be held jointly and severally liable for the full amount of damages as trebled, defendant Fitz may be held jointly and severally liable with defendants Shelton and Trail only for $66,000 of the $198,000 total damage award.

[2] Finally, plaintiff argues the trial court erred in failing to consider its request to award attorneys' fees pursuant to N.C.G.S. § 75-16.1. The decision to award attorneys' fees to the plaintiff under N.C.G.S. § 75-16.1 is discretionary. N.C. Gen. Stat. § 75-16.1 (2009) (stating that "the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the prevailing party"). Accordingly, "[u]pon remand, the trial court must also consider whether to exercise its discretion to award attorney's fees under N.C.[G.S.] § 75-16.1." *Jones v. Harrelson & Smith Contr'rs, LLC*, 194 N.C. App. 203, 217, 670 S.E.2d 242, 252 (2008), *aff'd per curiam*, 363 N.C. 371, 677 S.E.2d 453 (2009).

Reversed and Remanded.

Judges JACKSON and BEASLEY concur.