Am. Transp. Grp. Ins. Risk Retention Grp. v. MVT Ins. Servs., Inc., 2021 NCBC 26.

STATE OF NORTH CAROLINA

COUNTY OF NEW HANOVER

AMERICAN TRANSPORTATION GROUP INSURANCE RISK RETENTION GROUP,

Plaintiff,

v.

MVT INSURANCE SERVICES, INC.; AMRIT SINGH; ELEAZAR ROJAS; and SHAMSHER SINGH,

Defendants,
and

MVT INSURANCE SERVICES, INC.,

Defendant and Third-Party Plaintiff,

v.

PALMETTO CONSULTING OF COLUMBIA, LLC and MATTHEW A. HOLYCROSS,

Third-Party Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
20 CVS 1487

**ORDER AND OPINION ON MOTION TO SET ASIDE ENTRY OF DEFAULT, MOTIONS TO DISMISS, AND MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

THIS MATTER is before the Court on Defendant Amrit Singh's ("A. Singh")

Motion to Set Aside Entry of Default ("Motion to Set Aside Entry of Default," ECF

No. 142); A. Singh, Eleazar Rojas ("Rojas"), and Shamsher Singh's ("S. Singh")

Motions to Dismiss (collectively, the "Motions to Dismiss," ECF Nos. 145, 152, 153,

and 155); and Defendants' Motion for a Temporary Restraining Order and Preliminary Injunction ("Motion for TRO and PI," ECF No. 146; collectively with the Motion to Set Aside Entry of Default and the Motions to Dismiss, the "Motions").

THE COURT, having considered the Motions, the briefs filed in support of and in response, if any, to the Motions, the applicable law, and other appropriate matters of record, CONCLUDES, in its discretion, that the Motions should be DENIED, for the reasons set forth below.

*Butler Snow, LLP by Scott J. Lewis, and K&L Gates by Jason W. Callen and Beau C. Creson, for Plaintiff American Transportation Group Insurance Risk Retention Group.*

*Pro se Defendants Eleazar Rojas, Amrit Singh, and Shamsher Singh.*

*Sharpless McClearn Lester Duffy, PA by Frederick K. Sharpless for Third-Party Defendants Matthew A. Holycross and Palmetto Consulting of Columbia, LLC.*

McGuire, Judge.

## I. FACTS AND PROCEDURAL HISTORY

1. The factual background and procedural history of this matter have been extensively set out in this Court's Order on Amended Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 40), Order on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction ("Preliminary Injunction," ECF No. 44), and Order and Opinion on Motion to Show Cause and for Sanctions, Motions to Dismiss, Motion for Judgment, and Motion for Pre-Filing Injunction ("Order on Motion for Sanctions," ECF No. 133). Therefore, the Court only recites herein the facts and procedural history necessary to decide the Motions.

2. This matter largely arose out of American Transportation Group Insurance Risk Retention Group's ("ATGI") efforts to come into compliance with regulatory standards for risk retention groups as monitored by the North Carolina Department of Insurance ("NCDOI"). At the time, Defendant MVT Insurance Services, Inc. ("MVT") was ATGI's managing general agent and Defendant A. Singh was MVT's CEO; Defendants Rojas and S. Singh were members of ATGI's Board of Directors ("Board"); S. Singh was President of ATGI; and Rojas was Secretary of ATGI. (ECF No. 27, at ¶¶ 3–4, 17; ECF No. 2, at ¶ 26.) As part of ATGI's compliance efforts, on March 13, 2020 and April 3, 2020, ATGI's Board adopted resolutions which increased the number of board members from three to five; appointed three new independent board members—Ron Gionet, Scott Sypers, and E. Paul Schaefer; terminated the service agreement between ATGI and MVT; terminated S. Singh as President of ATGI; terminated Rojas as Secretary of ATGI; and indicated the newly composed Boards' intention to remove Rojas and S. Singh from the Board. (ECF No. 30.2, Exs. 6, 8 (hereinafter, the "March 13th Resolutions" and the "April 3rd Resolutions").)

3. Since that time, "MVT, Rojas, S. Singh, and A. Singh have publicly disputed the current make-up of the Board and the validity of the March 13th and April 3rd Resolutions." (ECF No. 3, at ¶ 92.) Various actions by Defendants related to this dispute eventually resulted in the Court entering a Preliminary Injunction against Defendants, prohibiting them from, *inter alia*, speaking or acting on ATGI's behalf. ("Preliminary Injunction," ECF No. 44, at pp. 9–10.)

4.     On February 2, 2021, the Court issued its Order on Motion for Sanctions, in which it held:

> Defendants have, *inter alia*, (i) deliberately and repeatedly violated the Preliminary Injunction by representing themselves to ATGI's customers and vendors as being affiliated with and authorized to conduct business on behalf of ATGI, fraudulently and unlawfully offering to sell and selling insurance policies and signing service contracts on behalf of ATGI, and gaining access to and manipulating ATGI's FMCSA filing account; (ii) made dozens of frivolous and incoherent filings with the Court; (iii) violated the Court's order requiring each Defendant to establish an individual filing account with the Court and to file separate responses to the motions (with respect to Rojas and S. Singh), ignored the BCRs, and refused to respond to reasonable discovery requests from other parties to this lawsuit; and (iv) sent disrespectful and threatening communications to the Court and the Court's staff and engaged in violations of this Court's orders and rules that demonstrate contempt for the Court and its processes and a complete disregard for the rule of law.

(ECF No. 133, at ¶ 22.)  Therefore, the Court ordered:

> ATGI's request for sanctions is GRANTED, and (a) Defendants' respective Answers to the Complaint (ECF Nos. 13, 14, and 15) are hereby stricken; (b) default judgment is hereby entered against Defendants in favor of ATGI as to the claims in the Complaint, and (c) Defendants' counterclaims against ATGI and cross claims against Third-Party Defendants are hereby DISMISSED, with prejudice.

(*Id.* at p. 22, ¶ 1(a).)

5.     Since the Court's Order on Motion for Sanctions, A. Singh, Rojas, and S. Singh have filed the six Motions now before this Court.  ATGI has filed responses to all but three of the Motions—to which ATGI still has time to respond.  However,

the Court does not need further briefing from the parties in order to decide the Motions.

II.     ANALYSIS

6.      As a preliminary matter, North Carolina law provides that "it shall be unlawful for any person or association of persons, except active members of the Bar of the State of North Carolina admitted and licensed to practice as attorneys-at-law, to appear as an attorney or counselor at law in any action or proceeding before any judicial body . . . except in his own behalf as a party thereto." N.C.G.S. § 84-4. Here, S. Singh and Rojas did not sign the Motion to Set Aside Entry of Default or the Motion for TRO and PI, and therefore to the extent A. Singh purports to bring these motions on behalf of S. Singh or Rojas, the Motion to Set Aside Entry of Default and the Motion for TRO and PI should be DENIED. Further, "[i]n North Carolina a corporation must be represented by a duly admitted and licensed attorney-at-law[.]" *LexisNexis, Div. of Reed Elsevier, Inc. v. Travishan Corp.*, 155 N.C. App. 205, 209 (2002). Therefore, to the extent any of the parties purport to bring their respective Motions on behalf of MVT, the Motions should also be DENIED.

A. **Motion to Set Aside Entry of Default**

7.      In the Motion to Set Aside Entry of Default, A. Singh requests that the Court set aside the Court's February 2, 2021 entry of default under Rule 60(b)(1) of the North Carolina Rules of Civil Procedure ("Rule(s)").[1]  (ECF No. 142, at pp. 5–

---

[1] The Court notes that there was never an entry of default made in this Court. The Court entered default *judgment* as a sanction against Defendants based on their conduct and

10.) Specifically, A. Singh argues that the default judgment entered by the Court should be set aside because it was due to excusable neglect and because Defendants have a meritorious defense. (*Id.* at pp. 5–8, 9.) In response, ATGI argues that "A. Singh cannot demonstrate that the entry of default was the result of excusable neglect," and that A. Singh has failed to establish a meritorious defense because "mere denials do not support a finding of a meritorious defense." (ECF No. 148, at pp. 2, 4.)

8.      Rule 60(b)(1) provides that a court "may relieve a party or his legal representative from a final judgment, order or proceeding" for reasons including "excusable neglect." N.C.G.S. § 1A-1, Rule 60(b)(1).

> To set aside a judgment on the grounds of excusable neglect under Rule 60(b), the moving party must show that the judgment rendered against him was due to his excusable neglect and that he has a meritorious defense. However, in the absence of sufficient showing of excusable neglect, the question of meritorious defense becomes immaterial.

*Monaghan, M.D. v. Schilling, MD*, 197 N.C. App. 578, 584 (2009) (citing *Scoggins v. Jacobs*, 169 N.C. App. 411, 413 (2005) (internal citations and quotations omitted)). "Deliberate or willful conduct cannot constitute excusable neglect, nor does inadvertent conduct that does not demonstrate diligence." *Creasman v. Creasman*, 152 N.C. App. 119, 124 (2002) (citation omitted). "The decision whether to set aside a default judgment under Rule 60(b) is left to the sound discretion of the trial judge, and will not be overturned on appeal absent a clear showing of abuse

---

complete disregard of this Court's orders and rules, and not pursuant to the procedure provided in Rule 55. (*See* ECF No. 133, at ¶ 21–28.)

of discretion." *Elliot v. Elliot*, 200 N.C. App. 259, 261–62 (2009) (citation omitted). Further, "[w]hether neglect is 'excusable' or 'inexcusable' is a question of law. The trial judge's conclusion in this regard will not be disturbed on appeal if competent evidence supports the judge's findings, and those findings support the conclusion." *Id.*

9. Here, in his argument on excusable neglect, A. Singh recites a portion of ATGI's Brief in Support of its Motion for Entry of Default Judgment for Damages and Equitable Relief ("Brief ISO Motion for Entry of Judgment," ECF No. 141),[2] and merely argues the following: "Defendant counters this statement, and asserts that during his time acting as a pro-se litigant, he was diligently seeking out counsel, but had considerable difficulty doing so." (ECF No. 142, at p. 9). This Court has already detailed the willful misconduct that ultimately provided the basis for entry of default judgment against the Defendants. *See supra*, ¶ 2. A. Singh's contention that he had difficulty retaining an attorney is woefully insufficient to show excusable neglect. Therefore, the Court concludes, in its discretion, that the record does not support a showing of excusable neglect, *see Creasman*, 152 N.C. App. at 124, and the Motion to Set Aside Entry of Default should be DENIED.

## B. The Motions to Dismiss

---

[2] The language which A. Singh recites from ATGI's Brief ISO Motion for Entry of Judgment essentially recites the Court's prior ruling in its Order on Motion for Sanctions entering default against the Defendants, and includes authority supporting the proposition that the effect of the default is that the facts in the complaint may be accepted as true. (ECF No. 142, at p. 10.)

10. A. Singh, Rojas, and S. Singh have all filed Motions to Dismiss pursuant to Rule 12(b)(1) for lack of standing, appearing to argue that ATGI, as it is currently comprised, is not a real party in interest.[3] (ECF No. 145, at pp. 7–15; ECF No. 151, at pp. 3–11.) For example, A. Singh, S. Singh, and Rojas contend:

> [t]he core of Plaintiff's Complaint is that one of [ATGI's] former service providers, MVT, misappropriated premiums due to [ATGI] for its own use and that two of [ATGI's] directors, S. Singh and Rojas, facilitated this misconduct. But the [ATGI] allegedly harmed by MVT's misconduct is not the same [ATGI] that filed the Complaint. Between the time that [ATGI] allegedly suffered the injury and Plaintiff filed suit, a majority of new directors appeared on [ATGI's] board. Plaintiff contends that these new directors were legitimately appointed by the March 13 Resolution and, by extension, entitled to initiate legal action on [ATGI's] behalf.

(ECF No. 145, at p. 11; ECF No. 151 at p. 6.)

11. In response, ATGI argues:

> this attempt to re-classify ATGI as a 'different company' with 'different leadership,' in addition to being a compete fiction unsupported by any legal theory, simply does not deprive ATGI of standing. The fact remains that, regardless of who comprises ATGI's Board of Directors, ATGI, the named Plaintiff in this case, was harmed by the wrongdoing set forth in the Complaint.

(ECF No. 150, at p. 4) Further, ATGI contends that these "arguments are nothing more than an attack on the validity of the March 13th and April [3rd] Resolutions" and that A. Singh has "merely used standing as a pretext to discuss the merits of

---

[3] A. Singh, S. Singh, and Rojas's Motions to Dismiss were submitted with identical briefs. (*See* ECF Nos. 145, 152, 154, and 156.) For purposes of this Order and Opinion, the Court will refer to the brief in support of the motion to dismiss located at ECF No. 145.

[his] defenses to ATGI's claims" for which default has already been entered. *Id.* at pp. 5–6.

12.    First, the Court is not persuaded by the theory that the ATGI that brought the Complaint in this matter is not the same ATGI that suffered the alleged harms that are the subject of the lawsuit. "Under North Carolina law, a party has standing if he is the real party in interest." *Gateway Mgmt. Servs. v. Carrbridge Berkshire Grp., Inc.*, 2018 NCBC LEXIS 45, at *16 (N.C. Super. Ct. May 9, 2018) (citing *Energy Inv'rs Fund, L.P. v. Metric Constructors, Inc.*, 351 N.C. 331, 337 (2000)). "A real party in interest is a party who is benefited or injured by the judgment in the case." *Energy Inv'rs*, 351 N.C. at 337. Here, ATGI alleges in its Complaint specific examples of how Defendants have harmed ATGI. (*See, e.g.,* ECF No. 3, at ¶¶ 99, 109, 115.) A. Singh, S. Singh, and Rojas have provided no cogent argument or authority as to how the presence of new members ATGI's Board means the current ATGI is no longer a party in interest in this lawsuit.

13.    Second, A. Singh, Rojas, and S. Singh's standing argument is predicated on their contention that certain factual allegations in ATGI's Complaint are not true; specifically, the contention that the March 13th and April 3rd Resolutions are invalid.[4]   Once default is entered, a defendant "has no further

---

[4] In its Complaint, ATGI alleges that: "[t]he March 13th Resolutions increased the Board of Directors from three to five"; "[t]he March 13th Resolutions were adopted based upon the unanimous action of the two then-existing Board members, Rojas and S. Sing"; "the March 13th Resolutions were passed in full accordance with North Carolina law and [ATGI]'s bylaws"; and "the Board validly passed the April 3rd Resolutions, which include a 4-0 vote to terminate MVT's contract with ATGI and to remove all [ATGI]'s officers other than [Michael] Hunter and to name Hunter Acting President of [ATGI]" (ECF No. 3, at ¶¶ 87, 90, 91).

standing to contest the factual allegations of plaintiff's claim for relief." *Webb v. McJas, Inc.*, 228 N.C. App. 129, 133 (2013) (citation and quotation marks omitted). "If the allegations of the complaint are sufficient to state a claim, the defendant has no further standing to contest the merits of plaintiff's right to recover." *Alexander v. Alexander*, 250 N.C. App. 511, 514 (2016) (citation and quotation marks omitted). Nevertheless, "[a] defendant may still show that the complaint is insufficient to warrant plaintiff's recovery" even when taking all the allegations within the complaint as true. *Webb*, 228 N.C. App. at 133. Here, A. Singh, S. Singh, and Rojas are not arguing that, taking the allegations in the Complaint as true, ATGI lacks standing to bring its claims. Rather, they are arguing that the facts, as they would rewrite them, support their standing argument. Given this Court has entered default judgment against Defendants as to ATGI's claims in the Complaint, A. Singh, S. Singh, and Rojas lack standing to challenge any factual allegations in ATGI's Complaint.

14. Therefore, having considered the parties' arguments, the applicable law, and other appropriate matters of record, the Court concludes that the Motions to Dismiss should be DENIED.

**C. Motion for TRO and PI**

15. Finally, A. Singh, purportedly on behalf of all Defendants, has filed a Motion for TRO and PI, which is merely a repackaging of Defendants' previous motion which has already been denied by this Court in its Order on Defendants' Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No.

49).  (*Compare* ECF Nos. 36 and 39 *with* ECF No. 146.)[5]  Therefore, the Court concludes that the Motion for TRO and PI should be DENIED.

THEREFORE, IT IS ORDERED, as follows:

1. A. Singh's Motion to Set Aside Entry of Default (ECF No. 142) is **DENIED**.

2. The Motions to Dismiss (ECF Nos. 145, 152, 153, and 155) are **DENIED**.

3. A. Singh's Motion for TRO and PI (ECF No. 146) is **DENIED**.

SO ORDERED, this the 19th day of April, 2021.

/s/ Gregory P. McGuire
Gregory P. McGuire
Special Superior Court Judge
for Complex Business Cases

---

[5] In fact, the Motion for TRO and PI still bare the ECF numbers of the previous motion and brief.  (*See* ECF No. 146, at pp. 1, 20.)